**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name:  11a0814n.06**

**No. 10-5439**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| JOHNNY LANDON, aka Mark Landon, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**FILED**

**Dec 06, 2011**

LEONARD GREEN, Clerk

BEFORE:  MARTIN, GUY, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Johnny Landon appeals his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  We affirm.

I.

The events giving rise to this case began when Memphis Police Department officers stopped Landon for driving a car with Mississippi tags that were registered to another vehicle.  After the officers signaled for Landon to pull over, he illegally parked his vehicle on private property, partially blocking the sidewalk.

During the course of the stop, officers learned that Landon's license had been suspended and that he did not have automobile insurance.  Because Landon was unable to legally move his vehicle, the officers placed him under arrest rather than issuing a misdemeanor citation.

After Landon was taken into custody, but before the arrival of the tow truck, the police performed an inventory search of Landon's vehicle. During the search, officers recovered a .30-06 caliber rifle from the back seat floorboard and six live .30-06 caliber rounds from the glove compartment.

Upon discovery of the rifle and ammunition, Landon made a spontaneous admission to the officers that he had inherited the rifle and owned twelve others. He made a similar admission later during the arrest after he had signed a waiver of rights form.

Landon was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He moved to suppress the rifle and his statements on the ground that the officers failed to follow the Memphis Police Department's tow inventory policy and therefore violated his Fourth Amendment rights. The district court denied the motion, and Landon was subsequently found guilty at trial.

The probation department thereafter prepared a presentence investigation report ("PSR"). The PSR recommended that Landon be classified as an Armed Career Criminal ("ACC") under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 because he had the following prior felony convictions: (1) a 1990 conviction for Sale of a Controlled Substance; (2) a 1993 conviction for Aggravated Robbery; and (3) a 1993 conviction for Aggravated Arson.

Landon objected to the ACC designation, arguing that his 1990 conviction for the Sale of a Controlled Substance did not qualify as a "serious drug offense" as defined by 18 U.S.C. § 924(e)(2)(A)(ii). The district court disagreed. It then sentenced Landon to the minimum term of

imprisonment of 180 months, to be followed by five years of supervised release.

Landon timely appeals.

## II.

On appeal, Landon makes two claims: (1) the district court erroneously denied his motion to suppress the evidence; and (2) the district court erroneously classified him as an ACC pursuant to 18 U.S.C. § 924(e). We address each claim in turn.

## A.

Landon first asserts that the district court erroneously denied his motion to suppress the evidence. In reviewing a district court's denial of a motion to suppress, we review findings of fact for clear error, legal conclusions de novo, and all evidence in the light most favorable to the government. *United States v. Caruthers*, 458 F.3d 459, 464 (6th Cir. 2006). An inventory search of a vehicle conducted without a warrant does not violate the Fourth Amendment. *Colorado v. Bertine*, 479 U.S. 367, 371-74 (1987). However, an inventory search must be conducted "according to standard police procedures" and may not be undertaken "for purposes of investigation." *United States v. Lumpkin*, 159 F.3d 983, 987 (6th Cir. 1998); *see also United States v. Tackett*, 486 F.3d 230, 232 (6th Cir. 2007). Further, warrantless inventory searches may only be conducted where police have "lawfully tak[en] custody of a vehicle." *United States v. Smith*, 510 F.3d 641, 651 (6th Cir. 2007) (quotation marks omitted and alteration in original).

In this case, Landon contends that the inventory search of his vehicle violated his rights under the Fourth Amendment because it was not done pursuant to the Memphis Police Department's Policy

and Procedure Manual. The manual provides in relevant part that:

> When an officer arrests a defendant and the defendant's vehicle is not needed as evidence, the officer is required to allow the defendant to leave the vehicle at the scene of arrest if the defendant so desires and it is legally parked. The defendant cannot, however, park a vehicle on private property without the consent of the property owner/management. The defendant may authorize a third party at the scene who is not under arrest to legally park the vehicle. The defendant will not be allowed to move his vehicle once he has been arrested. Under no circumstances will an officer on the scene drive the vehicle with or without the owner's consent. These options must be explained to the defendant before the decision to tow is made.

(App'x, pp 19-20.) According to Landon, because the police department policy manual "states that the 'options must be explained to the defendant,'" and the options were not explained to him, the inventory search was not performed in accordance with the department policy. He therefore asserts that the rifle and his statements to the police should have been suppressed as obtained in violation of the Fourth Amendment. We disagree.

The problem with Landon's argument is that the policy's use of the word "options" makes clear that the explanation is required not to inform every defendant of the policy's terms, but to allow a defendant to exercise one of the choices permitted by the policy. Here, neither of the options was available to Landon: he could not leave the vehicle where it was parked because it was parked illegally, and he could not authorize a third party to move the vehicle because there was no third party at the scene. Accordingly, the officers did not violate the policy by failing to explain Landon's nonexistent options to him. Moreover, even if the officers had violated the policy in this way, such a harmless violation would not have invalidated the search. *See, e.g., United States v. Mayfield*, 161 F.3d 1143, 1145 (8th Cir. 1998) (holding that an inventory search was reasonable, despite the

officers' failure to follow every dictate of the applicable policy).

B.

Landon next argues that the district court erred in classifying him as an ACC pursuant to 18 U.S.C. § 924(e) because his 1990 conviction for the Sale of a Controlled Substance was not a serious drug offense. We review the district court's determination de novo. *United States v. Martin*, 378 F.3d 578, 580 (6th Cir. 2004). The Armed Career Criminal Act ("ACCA") provides that:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1); *see also* U.S.S.G. § 4B1.4. For purposes of this provision, the term "serious drug offense" means "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Landon claims that his 1990 conviction for the Sale of a Controlled Substance does not constitute a serious drug offense because, at the time of his federal sentencing, under the since-amended Tennessee statute, a conviction for the sale of a controlled substance would only have been subject to a maximum sentence of ten years of imprisonment if it involved at least .5 grams of cocaine, and his conviction involved less than .5 grams of cocaine. According to Landon, the district

court erred in failing to consider an arrest report which listed the weight of the cocaine involved as being less than .1 grams; and he asserts that "the government should be estopped from arguing that the arrest report is inadmissible under [*Shepard v. United States*, 544 U.S. 13 (2005)]." These arguments are unavailing.

In *McNeill v. United States,* 131 S. Ct. 2218 (2011), the Supreme Court recently made clear "that a federal sentencing court must determine whether 'an offense under State law' is a 'serious drug offense' by consulting the 'maximum term of imprisonment' applicable to a defendant's previous drug offense *at the time of the defendant's state conviction for that offense*." *Id.* at 2224 (emphasis added). It explained that "[t]he plain text of ACCA requires" this result; that the "broader context of the statute as a whole, . . . confirms this interpretation"; and that "[t]his natural reading of ACCA also avoids the absurd results that would follow from consulting current state law to define a previous offense." *Id.* at 2221-24 (citation and internal quotation marks omitted). The Court therefore held that the defendant's state court cocaine convictions were serious drug offenses because each offense was subject to a maximum term of imprisonment of ten years or more at the time of conviction. *Id.* at 2224.

*McNeill* dictates the result here.[1] At the time of Landon's conviction, the Sale of a Controlled Substance was a Class B felony, subject to a maximum sentence of ten years of imprisonment without regard to the weight of the cocaine. *See* Tenn. Code Ann. § 39-17-417(c)(1) (1990). Landon's assertion that the district court should have considered the amount of cocaine listed in the

---

[1]Indeed, at oral argument, counsel for Landon conceded that *McNeill* foreclosed his claim.

arrest report, and his claim that the government should be estopped from contending otherwise, are therefore off the mark. Per *McNeill*, all that matters is whether, at the time of Landon's conviction, the maximum sentence for the conviction was at least ten years of imprisonment, and it was. Accordingly, the district court did not err in determining that Landon's conviction for the Sale of a Controlled Substance qualified as a serious drug offense for purposes of ACCA.

III.

For these reasons, we affirm the judgment of the district court.